# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-1662-ZLW-CBS

LABORATORY CORPORATION OF AMERICA HOLDINGS d/b/a
    LABCORP,

        Plaintiff,

v.

METABOLITE LABORATORIES, INC.,

        Defendant.
_____

## STIPULATED PROTECTIVE ORDER
_____

        The Plaintiffs, Laboratory Corporation of America Holdings d/b/a LabCorp (hereinafter "LabCorp" or "Plaintiff") and Defendant Metabolite Laboratories, Inc. (hereinafter "Metabolite" or "Defendant"), by their attorneys, jointly submit for the Court's approval the following Stipulated Protective Order concerning confidential information which includes sensitive, confidential, and/or "Attorney's Eyes Only" information.

        LabCorp and Metabolite, by and through their respective attorneys, stipulate as follows:

        1.      The term "**Confidential Information**" means and includes any and all documents, oral statements or testimony, responses to interrogatories, affidavits, data, or other information, including, without limitation, any copies or oral or written summaries of any of the foregoing, provided or disclosed by any of the parties pursuant to the Federal Rules of Civil Procedure and/or by Order of this Court, which any party provides or discloses in connection with this litigation which are designated in good faith as proprietary or confidential information at the time of their production or disclosure in this action.

2. In addition, any party shall have the further right to designate and mark documents, information or materials that relate to highly sensitive business, technical, financial or marketing information, or other proprietary information that the disclosing party reasonably believes is of such nature and character that disclosure of such information to the other party would be harmful to the producing party as being "**Highly Confidential Information**." Only a company's most sensitive documents fall within the category, not the ordinary operating reports and day-to-day records of the company unless those reports and records contain such highly sensitive information.

3. All documents and things produced by LabCorp in this matter shall be numbered using the prefix "LabCorp" and all documents and things produced by Metabolite shall be numbered using the prefix "MET." Any party wishing to designate a produced document or other thing as "Confidential Information" shall, where it is practical to do so, stamp or otherwise mark the produced document or other thing with the designation of "**Confidential**." Any party wishing to designate a produced document or other thing as "Highly Confidential Information" shall, where it is practical to do so, stamp or otherwise mark the produced document or other thing with the designation of **"Highly Confidential – Attorney's Eyes Only**."

4. Any party wishing to designate a document or other thing provided by a nonparty as containing Confidential Information or Highly Confidential Information shall submit to the other party, within ten (10) calendar days following production or disclosure, a written designation of the documents or things containing such information. During the ten calendar days following production by a nonparty, all such documents and things shall be deemed to contain and/or constitute Highly Confidential Information. Inadvertent failure to designate any document, information or other thing as containing Confidential Information or Highly

Confidential Information may be corrected by supplemental written notice, which designation shall operate prospectively pursuant to the terms of this Order.

5. Only the following persons may have access to Confidential Information in this action and such access is further restricted to the purpose described in Paragraph 8:

    a. Four (4) officers or employees of each of the Plaintiff and Defendant corporations;

    b. Outside counsel for the parties in this action and all attorneys thereof who are performing legal services in connection with this action;

    c. Such other persons, including independent consultants or experts and non-technical jury or trial consulting services, who are reasonably necessary to assist trial counsel of record for any party in the preparation for trial or trial of this action, as may be qualified to receive Confidential Information in this action pursuant to the provisions of Paragraph 4 of this Order;

    d. Any person who had a role in creating, reviewing, disseminating, or receiving the document, including but not limited to witnesses that had access to the information as part of their ordinary course of business;

    e. Clerical personnel and legal assistants employed by the persons listed in (b) through (c) above to the extent necessary to assist such persons in this litigation;

    f. Stenographic reporters engaged in proceedings incident to preparation for trial or trial;

    g. Outside photocopy, imaging, database, graphics, and design services retained by the persons listed in (b) above, to the extent necessary to assist such counsel in this litigation; and

      h.      Officers of this Court and their supporting personnel or officers of any appellate Court to which any appeal may be taken or in which review is sought.

All such persons as defined in Subparagraphs (a) and (c) shall acknowledge the terms of this Stipulated Protective Order in accordance with Paragraph 12 by executing a copy of the "Acknowledgment" of this Stipulation and Protective Order in the form of Attachment A. A copy of the executed Acknowledgment shall be provided to the Plaintiff's and the Defendant's counsel three (3) business days prior to the time any disclosure of Confidential Information is made to the person identified in Subparagraph (c). Should the disclosing party have an objection as to recipient(s) of the Confidential Information, such objection shall be made within three (3) business days of receipt of the Acknowledgment. To the extent that an objection is raised, the parties agree that the subject information shall not be disclosed without resolution of the objection by agreement of the parties or by the Court.

      6.      Only persons entitled to have access to "Confidential Information" under Subparagraphs 5(b) through and including 5(g) and Paragraph 7 shall have access to documents, information, and materials designated as "Highly Confidential Information." Thus, designees under Subparagraph 5(a) shall have no access to Highly Confidential Information, without express written consent of the producing party or by order of the Court. A copy of the executed Acknowledgment shall be provided to the Plaintiff's and the Defendant's counsel three (3) business days prior to the time any disclosure of Highly Confidential Information is made to the persons identified in Paragraph 5(c). Should the disclosing party have an objection as to the recipient(s) of the Confidential Information, such objection shall be made within three (3) business days of receipt of the Acknowledgment. To the extent that an objection is raised, the

parties agree that the subject information shall not be disclosed without resolution of the objection by agreement of the parties or by the Court.

7. In addition to the persons defined in the preceding paragraph, other people, who are reasonably necessary to assist trial counsel of record for any party in the preparation for trial or trial of this action, may be qualified to have access to Confidential Information or Highly Confidential Information through the following procedures:

a. Any party proposing any such person shall submit to the other party a written statement setting forth the name of such proposed person, his or her occupation, and business address; his or her relationship to the party, if any, and the proposed reason for the person to have access to the Confidential Information or Highly Confidential Information;

b. Unless the other party notifies the proposing party of any objection within ten (10) business days after the receipt of the written statement, such person shall thereafter be allowed to have access to Confidential Information and/or Highly Confidential Information pursuant to the terms and conditions of this Order;

c. Should any party in a timely manner notify the proposing party of its objection to any such proposed person, which objection shall be made in good faith and on reasonable grounds, the proposing party shall refrain from any disclosure of Confidential Information or Highly Confidential Information to such person until the objection has been resolved between the parties or ruled upon by the Court. If the parties are unable to resolve the objection, the objecting party shall file a motion for an Order that access to Confidential Information or Highly Confidential Information be denied to the proposed person. Failure to file a

    motion within fifteen (15) calendar days after notification of the objection shall be deemed approval, and the proposed person shall thereafter be qualified to have access to Confidential Information or Highly Confidential Information pursuant to the terms and conditions of this Order; and

  d. All such persons shall acknowledge the terms of this Stipulation and Protective Order in accordance with Paragraph 9 below of this Stipulation and Protective Order by executing two copies of the "Acknowledgment" attached hereto as Attachment A. A copy of the executed Acknowledgment shall be provided to the Plaintiff's and the Defendant's counsel prior to the time any disclosure of Confidential Information and/or Highly Confidential Information is made to persons identified under this paragraph.

  8. Confidential Information and Highly Confidential Information shall be used only for the purpose of preparing for this action. Confidential Information and Highly Confidential Information shall not be used by the recipient for any business, commercial, competitive purpose or for any other legal proceeding of any type, unless otherwise provided by the parties.

  9. Confidential Information and Highly Confidential Information or the substance or context thereof, including any notes, memoranda, or other similar documents relating thereto, shall not be disclosed to anyone other than a person qualified to have access and such disclosure is limited to the purpose described in the Paragraphs above.

  10. The signing of this Order or the failure of a party, at the time it receives Confidential Information or Highly Confidential Information, to challenge or object to the confidential designation shall not be deemed a waiver of its rights to challenge or object to the confidential designation at any later time.

11. Confidential Information and/or Highly Confidential Information shall not include any documents, information, or other material which:

 a. have been or become part of the public domain by publication or otherwise, other than by any unauthorized act or omission on the part of the receiving party (including its agents, experts, or attorneys) or a nonparty alleged to have a duty to maintain such documents, information, or other material as confidential; or

 b. was both lawfully obtained by and lawfully retained in the possession of the receiving party prior to and apart from this litigation; or

 c. the receiving party lawfully receives from a nonparty who obtained the same by legal means and without any obligation of confidentiality to the party claiming its confidential nature.

Confidential Information and/or Highly Confidential Information may, however, include materials that were exchanged in the prior litigation of *Metabolite Laboratories, Inc. v. Laboratory Corporation of America Holdings*, Civil Action No. 99-cv-870-ZLW-CBS, to the extent that such materials were deemed "Confidential" or "Confidential – Attorneys Eyes Only" in the prior litigation and do not meet the qualifications of Subparagraphs (a) – (c).

12. Any persons, prior to receiving Confidential Information and/or Highly Confidential Information under either Paragraphs 5(c) or 7, shall be furnished with a copy of this Order and shall acknowledge in writing by executing a copy of Attachment A that he or she has read this Order, understands it, agrees to be bound by it, and acknowledges an expressed agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such confidential information, including any proceeding relating to the enforcement of the Order.

13. If Confidential Information and/or Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party and make every effort to prevent further disclosure.

14. Any person in possession of Confidential Information and/or Highly Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such information in order to ensure that the confidential nature of the same is maintained.

15. To the extent that a party intends to provide any Confidential Information and/or Highly Confidential Information to the Court, the parties agree that they will follow the requirements of the Local Rules of the United States District Court for the District of Colorado for motions to seal, including but not limited to D.C.COLO.LCivR 7.2 and D.C.COLO.LCivR 7.3.

16. When Confidential Information and/or Highly Confidential Information is discussed, quoted, or referenced in any deposition, the party discussing, quoting, or referencing the information shall ensure that only persons qualified to have access are present.

17. When Confidential Information and/or Highly Confidential Information is incorporated in a transcript of a deposition, hearing, trial, or other proceeding, the party responsible for the disclosure shall arrange with the reporter to preserve the confidentiality of such information and the related testimony.  A party or non-party to whom the Confidential Information and/or Highly Confidential Information belongs shall have an opportunity to designate any transcript of a deposition, hearing, trial or other proceeding as "Confidential" or "Highly Confidential – Attorney's Eyes Only" as appropriate either on the record or within ten (10) business days of the receipt of a transcript.  For ten (10) business days after the receipt of

any deposition transcript, the parties and non-parties in receipt shall maintain the transcript as "Confidential – Attorney's Eyes Only" in order to permit an adequate amount of time for the protection and designation.

18.     The obligations of this Order shall survive the termination of the action and continue to bind the parties and any people receiving Confidential Information and/or Highly Confidential Information under this Order. Within ninety (90) days after the termination of this action by judgment, settlement, or otherwise, all documents, and all copies thereof, whether in the possession of the party, their counsel, or experts, containing or disclosing Confidential Information, shall either be returned to the party which produced the documents or, in the discretion of the producing party, destroyed by the person in possession. Provided, however, each party's trial counsel shall have the right to retain documents constituting work product or attorney-client privileged communications, a copy of pleadings, deposition transcripts, and deposition or trial exhibits in its offices.

19.     Any discovery documents produced in this litigation may be later designated as "Attorney Client Privilege" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation the receiving attorney promptly shall collect all copies of the documents and return them to the producing party. In the event that the receiving party believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to such documents, the receiving party shall within thirty (30) days following designation as "Attorney Client Privilege" or "Attorney Work Product" file a motion to compel production of such documents; otherwise, any such motion to compel shall be deemed waived.

20.     This Order is not intended to preclude any party from seeking relief either from a provision of this Order or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure.

21.     The term "document" as used in this Order includes but is not limited to the following items, whether printed, microfilmed, computerized, electronically recorded in sound and/or pictures, or reproduced by any process, or written or produced by hand, and regardless of whether claimed to be privileged, confidential, or personal: letters, correspondence, memoranda, reports, summaries, notes, notebooks, sketches, prints, photographs, printed forms, manuals, brochures, diaries, books, lists, publications, agreements, working papers, wage surveys, intracompany and intercompany communications, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, and any and all other writings. The above items include any and all other materials of any tangible medium of expression and original or preliminary notes, including drafts, typing, printings, minutes, or copies or reproductions thereof.

22.     Nothing herein shall restrict a party's use of its own Confidential Information or Highly Confidential Information.

23.     An entity which is not a party to this litigation may take advantage of the protection of Confidential Information or Highly Confidential Information provided by this Order, and such entity shall be entitled to all rights and protections afforded the parties under this Order. Such entity shall also mark its documents and other things, to the extent practicable, with the appropriate designation of "Confidential" or "Highly Confidential – Attorney's Eyes Only."

24.     Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on materials

designated as "Confidential" and/or "Highly Confidential – Attorney's Eyes Only"; provided, however, that in rendering such advice and otherwise communicating with such client(s), counsel shall not specifically or generally disclose any item or information designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" to people other than those permitted to receive such information pursuant to paragraphs 5, 7 and 22.

25. The parties jointly request that the Court enter this Stipulated Protective Order as an Order of this Court.

Dated this 6th day of April, 2007.

Respectfully submitted,

s/    Natalie Hanlon-Leh
Natalie Hanlon-Leh
Nina Y. Wang
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
(303) 607-3500
(303) 607-3600 (facsimile)

ATTORNEYS FOR PLAINTIFF LABORATORY
CORPORATION OF AMERICA HOLDINGS

s/    Kourtney M. Mueller
Glenn K. Beaton
Kourtney M. Mueller
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, Colorado 80202
(303) 298-5700
(303) 296-5310 (facsimile)

ATTORNEYS FOR DEFENDANT
METABOLITE LABORATORIES, INC

DATED at Denver, Colorado, this 9th day of April, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 04-cv-1662-ZLW-CBS

LABORATORY CORPORATION OF AMERICA HOLDINGS d/b/a LABCORP,

    Plaintiff,

v.

METABOLITE LABORATORIES, INC.

    Defendant.

_____

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**
_____

    The undersigned has read the foregoing Stipulated Protective Order signed by Plaintiff Laboratory Corporation of America Holdings d/b/a LabCorp and Defendant Metabolite Laboratories, Inc. thereto (the "Order"), understands its contents, and hereby undertakes and agrees to abide by its terms, including, without limitation, those terms regarding the use of any CONFIDENTIAL or  HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY information (as defined in the Order).  The undersigned agrees to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms and conditions of the Order.

_____      _____
Dated                                                        Name (Print or Type)

                                                                                  _____