IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 04-cv-01662-ZLW-CBS

LABORATORY CORPORATION OF AMERICA HOLDINGS d/b/a LABCORP, a Delaware corporation,

    Plaintiff,

v.

METABOLITE LABORATORIES, INC., a Colorado corporation,

    Defendant.

---

## ORDER

---

The matters before the Court are Plaintiff's Motion To Strike Declaration Of Robert H. Allen, M.D. Submitted By Metabolite In Support Of Its Opposition Brief (Doc. No. 90), Defendant's Motion to Supplement Opposition To Motion To Strike (Doc. No. 103), and Defendant's Motion To Supplement Opposition To LabCorp's Motion For Summary Judgment (Doc. No. 105).

Plaintiff filed its Motion For Summary Judgment Pursuant To Fed. R. Civ. P. 56(c) (Doc. No. 73) on March 2, 2007.  Defendant's Response included Exhibit A, entitled Declaration Of Robert H. Allen, M.D.[1]  Plaintiff objects to the inclusion of this declaration and asks for the exhibit to be stricken.  In response, Defendant seeks to supplement the declaration by providing portions of Allen's subsequent deposition testimony.

---

[1] Metabolite's Opp'n To LabCorp's Mot. For Summ. J. (Doc. No. 84), Ex. A.

A motion to strike is governed by Fed. R. Civ. P. 12(f), which provides that "the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2] Pleadings, defined in Fed. R. Civ. P. 7(a), include neither motions nor briefs.[3]

Plaintiff does not allege that Allen's declaration is "redundant, immaterial, impertinent, or scandalous matter." Rather, Plaintiff objects to the declaration on various evidentiary grounds. These grounds are not a valid reason under the Rules to strike the declaration. Instead, the Court will disregard any improper evidence during review of the summary judgment motion.[4]

In response to the evidentiary objections contained in Plaintiff's Motion To Strike, Allen's supplementary deposition testimony may be needed, for example, to properly authenticate Allen's original declaration. The Court accepts the supplement to Defendant's summary judgment response and will allow Plaintiff an opportunity to address this evidence. Therefore, it is

ORDERED that Plaintiff's Motion To Strike Declaration Of Robert H. Allen, M.D. Submitted By Metabolite In Support Of Its Opposition Brief (Doc. No. 90; May 22, 2007) is denied. It is

---

[2] Fed. R. Civ. P. 12(f) (emphasis added).

[3] Fed. R. Civ. P. 7(a); see Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp. 2d 1022, 1029 (D. Kan. 2006). "The terms of Rules 12(f) and 7(a) make clear that '[o]nly material included in a pleading may be subject of a motion to strike' and that '[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.'" Jeter v. Montgomery County, 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007) (quoting 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[2] (3d ed. 2006)).

[4] See, e.g., Gruener v. Ohio Cas. Co., 416 F. Supp. 2d 592, 599 (S.D. Ohio 2005).

FURTHER ORDERED that Defendant's Motion to Supplement Opposition To Motion To Strike (Doc. No. 103; Aug. 2, 2007) is denied as moot.  It is

FURTHER ORDERED that Defendant's Motion To Supplement Opposition To LabCorp's Motion For Summary Judgment (Doc. No. 105; Aug. 2, 2007) is granted. Plaintiff has up to and including November 28, 2007 to file a brief, limited to ten pages, addressing the supplemental exhibits attached to Doc. No. 105.

DATED at Denver, Colorado, this   9   day of November, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court